Thomas E. Morrissey, J.
This is an action on a cross complaint hy the third-party plaintiff Costan Corp., against Barton, Inc., third-party defendant, for indemnification of $45,000 which was the amount recovered against Costan Corp., and the other defendants in the main action hy Bertha Carlson.
The court finds that the facts are these: The plaintiff Bertha Carlson was injured on September 11,1951, as a result of falling down the stairway leading from the ladies’ dressing room in a building occupied by Barton, Inc., the third-party defendant. This particular stairway which had no handrails led into a passageway which joined all the buildings involved into a single factory building. Barton, Inc., had leased the entire building known as 475-479 Hudson Avenue from Costan Corp., and occupied the building at the time of the accident. Under the lease Barton, Inc., agreed to make all necessary repairs and to keep and maintain the building in good order and repair. By agreement during the course of the trial the parties stipulated that the third-party complaint was to be decided by the court.
The question for the court to decide is whether the third-party plaintiff is entitled to indemnity from the third-party defendant. The answer to this in turn depends upon whether the parties involved in the cross complaint are joint tort-feasors in pari delicto, that is, equally at fault, or whether the third-party defendant was actively negligent compared with the passive negligence of the third-party plaintiff.
The court finds that the buildings involved in this action constituted one factory building (Steinkohl v. Dorsch, 184 Misc. 506, affd. 271 App. Div. 996, affd. 297 N. Y. 683) and that the Labor Law of the State of New York and the Administrative Code of the City of New York should be applied here.
Subdivision 2 of section 272 of the Labor Law of the State of New York provides that in factories “ Stairways shall be provided with proper hand-rails.”
The Board of Standards and Appeals of the Department of Labor of the State of New York has issued Industrial Code Rule No. 16 which applies to Labor Law factories. Section 16-5.3 thereof states: “Handrails shall be placed (a) on all *658 open sides of stairs or ramps; * * * ; (d) On both sides and in the center of stairs more than eight (8) feet in width.”
It also appears that under sections C26-272.0 and C26-715.0 of the Administrative Code of the City of New York handrails are required in this type of building in accordance with subdivision 1 of section 026-292.0, paragraphs 1 and 2 of which read:
“ 1. Required exit stairs shall have walls or well secured balustrades or guards on both sides with hand-rails on both sides. * * *
“ 2. * * * When the width of a flight of stairs serving as a means of egress is eighty-eight inches or more, an intermediate hand-rail shall be provided. Such hand-rail shall be continuous between landings.”
The court further finds that the evidence adduced at the trial warrants the inference that the injuries suffered by the plaintiff were caused by the failure of the third-party defendant, Barton, Inc., to provide proper handrails on the sides of the stairway when it made extensive alterations to the building involved for its own purposes.
From the foregoing it seems clear that the third-party defendant is primarily liable for its active negligence in failing* to provide proper handrails and that the owner of the building, the third-party plaintiff, Costan Corp., is secondarily liable for its passive negligence.
Let judgment in favor of the third-party plaintiff be entered accordingly.