■ BERTHA CARLSON, Respondent, v. COSTAN CORP. et al., Appellants. COSTAN CORP., Third-Party Plaintiff-Respondent, v. BARTON, INC., Third-Party Defendant-Appellant.— In an action by an employee of Barton, Inc., to recover damages for personal injuries against Costan Corp., 80 De Kalb Avenue Realty Corp. and Rockwell Place Realties, Costan served a third-party complaint for judgment over against Barton, alleging that it had been guilty of active negligence. The jury rendered a verdict in favor of the employee for $45,000 against Costan, Rockwell and 80 De Kalb, and the court granted judgment over in favor of Costan against Barton on the third-party complaint. Costan, Rockwell, and 80 De Kalb appeal from so much of the judgment entered thereon as is in favor of the employee against them, and Barton appeals from so much of said judgment as is in favor of the employee against Costan, and from so much thereof as is in favor of Costan against it. Barton also appeals from an order denying its motion to resettle the judgment so as to characterize the judgment over against it as one for indemnity, and to incorporate a provision therein so as to require Costan to exhaust its right to contribution from its codefendants before proceeding against Barton. Respondent was injured when she fell on an allegedly defective outside stairway leading from a build-ing owned by Costan and leased in its entirety to Barton. The buildings owned by Rockwell and 80 De Kalb are adjacent thereto and are used by Barton for the manufacture of candy. Accessory use is made of Costan's building in that an enclosed passageway runs across the backyards from the outside stairway of Costan's building to the building owned by 80 De Kalb. All three buildings are interconnected by the passageway and by openings between the buildings of 80 De Kalb and Rockwell. The building owned by 80 De Kalb is also used by corporations affiliated with Barton for the sale of candy and for uses incidental thereto. Judgment reversed on the law and the facts, without costs, and complaint and amended third-party complaint dismissed. Appeal from order dismissed, without costs. There could be no common-law recovery against Costan, which was out of possession and control of the premises where the accident occurred. If it be assumed that Costan had retained control, there was, nevertheless, no proof of notice to Costan of the alleged defect in the stairway. As to Rockwell and 80 De Kalb, there is no proof that they were in possession of, or had any right to control, said premises. Neither could there be any recovery against the owners of the buildings under the provisions of the Labor Law invoked by respondent. The premises where the accident occurred did not constitute a tenant-factory building as defined in that statute. Respondent is in no position to claim that the existence of the owners of the buildings as separate entities should be disregarded. If the individuals who own and control the entire enterprise had not resorted to the use of separate corporations respondent would have been restricted to her remedy under the Workmen's Compensation Law. If the complaint were not being dismissed, a new trial would in any event be granted. The finding implicit in the jury's verdict that the edge of the step was broken was contrary to the weight of the credible evidence, and in our opinion the verdict was excessive as compensation for the injuries established by the preponderant weight of evidence. Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., concurs in result. [6 Misc 2d 656.]